UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEHMAN BROTHERS HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FIRST PRIORITY FINANCIAL, INC., <br><br> Defendant. | No.  12-CV-2500-JAM-KJN <br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

This matter comes before the Court on Defendant First Priority Financial, Inc.'s ("Defendant" or "First Priority") Motion to Dismiss (Doc. #5) Plaintiff Lehman Brothers Holdings, Inc.'s ("Plaintiff" or "Lehman Brothers") Complaint (Doc. #1) pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  Plaintiff opposes the motion (Doc. #9).  For the reasons set forth below, Defendant's Motion is denied.

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).  The hearing was originally scheduled for January 23, 2013.

1

I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated this action on October 4, 2012, alleging Defendant is liable for breach of contract and breach of express warranty. Doc. #1. In late 2005, Plaintiff, through its wholly owned subsidiary, funded residential mortgage loans brokered by Defendant. These loans were funded pursuant to a Broker Agreement entered into[2] on or around November 9, 2005 ("subject agreement"). This agreement included duties and obligations of the Defendant, such as verifying "employment of the loan applicant, . . . [and] analyz[ing] the applicant's income and debt . . . to determine the maximum mortgage amount the applicant [could] afford . . . ." Id. at ¶13. Additionally, the subject agreement contained a choice of law provision, stating: "THIS AGREEMENT AND LENDER'S GUIDELINES SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK AND THE OBLIGATIONS, RIGHTS AND REMEDIES OF THE PARTIES HEREUNDER SHALL BE DETERMINED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK . . . ." Doc. #9-2, Exhibit A to the Declaration of Scot Osborne, at pg. 6 (emphasis added).

Plaintiff alleges that it subsequently discovered that the packages submitted with the residential loans contained "misstated material facts of which Defendant knew or should have known . . . ," were inaccurate or false. See Doc. #1 at ¶19. For example, one borrower's monthly salary was "grossly exaggerated." Id. As a result, Defendant allegedly breached the

---

[2] Lehman Brothers' subsidiary entered into the Agreement and subsequently assigned its rights under the Agreement to Lehman Brothers. See Doc. #1.

2

1  Broker Agreement and other express warranties in both the
2  Agreement and the Lender's Guidelines.  Id. at ¶¶ 20-29.
3       On November 2, 2012, Defendant filed the pending Motion to
4  Dismiss, arguing Plaintiff's claims are barred by the statute of
5  limitations.  Defendant's Motion to Dismiss, Doc. #5 ("MTD").
6  Plaintiff opposed the Motion, arguing its claims are timely under
7  New York law (Plaintiff's Opposition, Doc. #9 ("OPP")), which
8  Defendant challenged through its Reply (Defendant's Reply, Doc.
9  #11 ("REP")).  Plaintiff then filed a Motion to File a Sur-Reply
10 (Doc. #13), which Defendant objected to (Doc. #14).  On February
11 22, 2013, this Court issued an Order, denying Plaintiff's request
12 to file a Sur-Reply.
13
14                          II.  OPINION
15    A.   Legal Standard
16         1.   Motion to Dismiss
17      A party may move to dismiss an action for failure to state a
18 claim upon which relief can be granted pursuant to Federal Rule
19 of Civil Procedure 12(b)(6).  In considering a motion to dismiss,
20 the court must accept the allegations in the complaint as true
21 and draw all reasonable inferences in favor of the plaintiff.
22 Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other
23 grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto,
24 405 U.S. 319, 322 (1972).  Assertions that are mere "legal
25 conclusions," however, are not entitled to the assumption of
26 truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
27 Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To survive a
28 motion to dismiss, a plaintiff needs to plead "enough facts to

                                 3

state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

### 2. Statute of Limitations

A complaint may be dismissed under Rule 12(b)(6) if it was filed outside of the applicable statute of limitations and "the running of the statute is apparent on the face of the complaint." Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006); see also Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980). To determine whether it is apparent on the face of the complaint that the statute of limitations has run, the Court must: "'First, . . . decide what choice-of-law rule governs the selection of the statute of limitations. Second, the Court must apply that rule to determine which jurisdiction's limitations law applies. Third, and finally, the Court [must] determine whether [the] plaintiff's claims fall within the relevant limitations period.'" Huynh, 465 F.3d at 997 (quoting Cruz v. United States, 387 F.Supp.2d 1057, 1070 (N.D. Cal. 2005)).

### B. Defendant's Motion to Dismiss

1      Defendant argues Plaintiff's Complaint must be dismissed
2 because it is based on loans that closed more than six years ago;
3 therefore, Plaintiff's claims are barred by California's statute
4 of limitations.  MTD at pg. 1, 4-5.  In addition, Defendant
5 argues that Plaintiff's Complaint is factually deficient, and
6 therefore, the Motion to Dismiss should be granted with
7 prejudice.  Id. at pg. 1.
8      Defendant relies on California Code of Civil Procedure §
9 337, which provides the statute of limitations for breach of
10 contract and breach of warranty actions is four years.  Defendant
11 argues "Plaintiff should have discovered the alleged
12 discrepancies prior to, or at least immediately after, funding
13 the subject loans."  MTD at pg. 5.
14      Plaintiff challenges the Motion to Dismiss, arguing that New
15 York law, not California law, applies to this case.  OPP at pg.
16 1, 4-5.  As such, Plaintiff's Complaint is timely, because the
17 statute of limitations under New York law is six years.  OPP at
18 pg. 2, 6-13 (citing New York Civil Practice Law and Rules §
19 213(2)).
20           1.   Choice of Law
21      In ruling on a Motion to Dismiss based on an alleged
22 violation of the applicable statute of limitations, the Court
23 must initially "decide what choice-of-law rule governs the
24 selection of the statute of limitations."  Huynh v. Chase
25 Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006) (quoting Cruz
26 v. United States, 387 F.Supp.2d 1057, 1070 (N.D. Cal. 2005).  The
27 parties agree that this Court must apply California law to its
28 choice of law analysis.  Cf. OPP at pg. 4 with REP at pg. 4; see

1  also Waggoner v. Snow, Becker, Kroll, Klaris, & Kross, 991 F.2d
2  1501, 1506 (9th Cir. 1993) ("A district court in a diversity case
3  must apply the law of the state in which it sits to a choice of
4  law analysis.") (citations omitted).
5      Next, the Court must apply California law to "to determine
6  which jurisdiction's limitations law applies." Huynh, 465 F.3d
7  at 997 (quotations and citations omitted).  Plaintiffs are
8  correct that in California, the two-prong "governmental interest"
9  test applies.  REP. at 2 (citing American Bank of Commerce v.
10 Corondoni, 169 Cal.App.3d 368, 372 (2d Dist. 1985); Ashland
11 Chemical Co. v. Provence, 129 Cal.App.3d 790, 793-94 (4th Dist.
12 1982)); see also Waggoner v. Snow, Becker, Kroll, Klaris, &
13 Kross, 991 F.2d 1501, 1506 (9th Cir. 1993).  Under the
14 governmental interest test, the Court must "first determine[]
15 whether the 'interest' or policy underlying the law will be
16 significantly furthered by its application to the case at hand."
17 Corondoni, 169 Cal.App.3d at 372 (citing Strassberg v. New
18 England Mutual Life Ins. Co., 575 F.2d 1262, 1264 (9th Cir.
19 1978)).  "If both California and the foreign state have a strong
20 interest in applying their own law, a true conflict exists.  The
21 court then [must] engage[] in a 'comparative impairment'
22 analysis, and appl[y] 'the law of the state whose interest would
23 be [] more impaired if its law were not applied.'"  Id. (quoting
24 Bernhard v. Harrah's Club, 16 Cal.3d 313, 320 (1976)).
25     Under California law, there is "'a strong policy favoring
26 enforcement of [contractual choice-of-law] provisions.'"
27 Hambrecht & Quist Venture Partners v. American Medical Int'l,
28 Inc., 38 Cal.App.4th 1532, 1544 (2d Dist. 1995) (quoting Nedlloyd

6

1  Lines B.V. v. Superior Court, 3 Cal.4th 459, 464-65 (1992) and
2  citing Restatement section 187).  Where the chosen state has a
3  substantial relationship to the parties, the parties' mandatory
4  choice-of-law provision will only be disregarded where the
5  "application of the law of the chosen state would be contrary to
6  a fundamental policy of a state which has a materially greater
7  interest than the chose state in the determination of the
8  particular issue . . . ."  Id.  Here, the parties do have a
9  substantial relationship to New York.  As pled in the Complaint,
10 Plaintiff maintains its principal place of business in New York.
11 See Doc. #1; Nedlloyd Lines B.V., 3 Cal.4th at 467 (noting there
12 is a substantial relationship when one of the parties is
13 domiciled in the chosen state).
14     Turning to the issue of conflicting policy, Defendant argues
15 New York law conflicts with California law because New York
16 provides for a longer statute of limitations, namely six years as
17 opposed to California's four years.  REP. at 3-5.  The only case
18 cited by Defendant where the chosen state had a longer statute of
19 limitations than the forum state is Ashland Chemical Co. v.
20 Provence, 129 Cal.App.3d 790 (4th Dist. 1982), which Defendant
21 relies on heavily in its Reply.  In that case, the contract at
22 issue contained a choice-of-law provision requiring Kentucky's
23 statute of limitations to be applied to the parties' dispute.
24 Id.  The Fourth District Court of Appeal found the provision
25 unenforceable for two reasons.  Id.  First, the court found
26 neither party had any connection to Kentucky.  Id. at 794.  In
27 addition, the Court found the laws of Kentucky and California
28 were in conflict, and the application of Kentucky law "violate[d]

7

the protective policy underlying California's statute of limitations," because Kentucky provided for a fifteen year statute of limitations, where California's was only four years. Id. at 793-95.  Unlike Ashland Chemical, there is only a two year difference in the statutes of limitation at issue here.  The cases cited by Defendant are instructive and actually support a finding that the small discrepancy between the statutes does not mean the statutes are in conflict.  See REP. at 2-5.  In applying California's strong preference for honoring a negotiated choice-of-law provision, the Court finds applying New York law in this case does not "violate the protective policy underlying California's statute of limitations," e.g., Nedlloyd Lines B.V. v. Superior Court, 3 Cal.4th 459, 464-65 (1992), especially since Defendant has not directed this Court to binding or persuasive authority supporting its position.  Thus, the Court finds the choice-of-law provision enforceable and binding in this case.

        2.    Analysis of Statute of Limitations

"Third, and finally, the Court [must] determine whether [the] plaintiff's claims fall within the relevant limitations period.'"  Huynh, 465 F.3d at 997 (quoting Cruz v. United States, 387 F.Supp.2d 1057, 1070 (N.D. Cal. 2005)).  However, since the moving party, Defendant, did not present any argument that the applicable limitations period under New York law has been violated, the Court need not reach the issue of whether Plaintiff's claims are timely under the applicable statute of limitations.

        3.    Defendant's Request for Dismissal with Prejudice

    Defendant argues in its Motion and Reply that Plaintiff's

8

1  Complaint should be dismissed with prejudice because Plaintiff
2  was "the real culprit in causing Plaintiff's damages."  See REP.
3  at 7.  According to Defendant, Plaintiff cannot state a viable
4  cause of action against it because Plaintiff's own guidelines
5  contradict the allegations of the Complaint.  Id.  Plaintiff
6  rebuts these arguments by arguing that the proper standard for
7  evaluating the viability of Plaintiff's Complaint is Federal Rule
8  of Civil Procedure 8(a), which is not cited by Defendant.  OPP at
9  pg. 13-14.  Without a discussion of why Plaintiff has not
10 complied with Rule 8(a), this Court cannot entertain Defendant's
11 argument that Plaintiff's Complaint is somehow defective.  More
12 importantly, "[d]ismissal with prejudice and without leave to
13 amend is not appropriate unless it is clear . . . that the
14 complaint could not be saved by amendment."  Eminence Capital,
15 L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).
16 Defendant has made no argument, and has not cited any cases, to
17 demonstrate that it is clear Plaintiff's Complaint could not be
18 saved by amendment.  For these reasons, Defendant's Motion to
19 Dismiss on this basis is also denied.
20                         III. ORDER
21     For the reasons set forth above, Defendants' Motion to
22 Dismiss is DENIED.
23
24 IT IS SO ORDERED.
25 Dated: February 26, 2013          _____
26                                   JOHN A. MENDEZ,
                                     UNITED STATES DISTRICT JUDGE
27
28
                                 9